**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                   :
PUI MAN LI,                        :     Civil Action No. 10-3905 (MLC)
                                   :
             Petitioner,           :          O P I N I O N
                                   :
        v.                         :
                                   :
ERIC HOLDER, et al.,               :
                                   :
             Respondents.          :
_____  :
```

**APPEARANCES:**

PUI MAN LI, 091-308-464, Petitioner Pro Se
Monmouth County Correctional Institution, One Waterworks Road
Freehold, New Jersey 07728

**COOPER,** District Judge

Pui Man Li, a citizen of Hong King, China, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention in the custody of Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS"). Petitioner challenges his detention at the Monmouth County Correctional Institution as not statutorily authorized and in violation of due process guaranteed by the Fifth Amendment, and seeks an order directing respondents to release him from custody. Because Petitioner has not alleged facts showing that his removal is not reasonably foreseeable, his detention is statutorily authorized by 8 U.S.C. § 1231(a)(6). This Court will summarily dismiss the Petition, without prejudice to the filing of a new petition in a new civil action in the event that Petitioner's removal is not reasonably foreseeable.

## I.   BACKGROUND

Petitioner entered the United States on January 4, 1991, and asserts that he served a three-year prison term for selling illegal drugs.  Petitioner alleges that DHS took him into custody on January 5, 2010, when he was released from prison.  Petitioner asserts that he has "cooperated fully with all efforts by ICE to remove him from the U.S.A. [and, a]lthough he has signed for his removal back to China and he is still being detained, it's been over seven months that he has signed his documents to go back to China."  (Docket Entry #1, p. 3.)  Petitioner contends that he "has already been detained in excess of six months and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future," but he provides no factual support for this conclusion.  (Id. at p. 4.)  He argues that his continued detention is not statutorily authorized and violates procedural and substantive due process.  (Id. at pp. 3-5.)  He seeks a writ of habeas corpus "directing the Respondents to immediately release Petitioner from custody."  (Id., p. 5.)

## II.   DISCUSSION

### A.   Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:

2

(1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus Practice & Procedure</u> § 8.1 (4th ed. 2001).  This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, <u>see</u> <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights.  <u>See Bonhometre v. Gonzales</u>, 414 F.3d 442, 445-46 (3d Cir. 2005).

**B.    Standard of Review**

Habeas Rule 4 requires a district court to examine a habeas petition before ordering an answer and to dismiss the petition if the petitioner is not entitled to relief.  <u>See</u> 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."

3

McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985).  Dismissal without the filing of an
answer is warranted "if it appears on the face of the petition
that petitioner is not entitled to relief."  Siers, 773 F.2d at
45; see United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)
(habeas petition may be dismissed where "none of the grounds
alleged in the petition would entitle [petitioner] to relief").

## C.    Legality of Detention

The Immigration and Nationality Act authorizes the Attorney
General of the United States to issue a warrant for the arrest
and detention of an alien pending a decision on whether the alien
is to be removed from the United States.  See 8 U.S.C. § 1226(a)
("On a warrant issued by the Attorney General, an alien may be
arrested and detained pending a decision on whether the alien is
to be removed from the United States").  "Detention during
removal proceedings is a constitutionally permissible part of
that process."  Demore v. Kim, 538 U.S. 510, 531 (2003).

Once an alien is ordered removed, the Attorney General must
remove him or her from the United States within a 90-day "removal
period."  See  8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise
provided in this section, when an alien is ordered removed, the
Attorney General shall remove the alien from the United States
within a period of 90 days (in this section referred to as the
'removal period').")  8 U.S.C. § 1231(a)(1)(A).  This 90-day
removal period begins:

on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires the Attorney General to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2). However, if the DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes the Attorney General to thereafter release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

Section 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). But "once removal is no longer reasonably foreseeable, continued

detention is no longer authorized by statute." Id. at 699.  Six months is a "presumptively reasonable period" of post-removal-period detention.  Id. at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id.[1]

Petitioner's six-month presumptively reasonable period of detention under § 1231(a)(6), as interpreted by Zadvydas, began to run at the earliest on January 5, 2010, when he was taken into custody of DHS, and continued through July 5, 2010.  Petitioner executed the § 2241 Petition on July 16, 2010, eleven days after the six-month presumptively reasonable period of detention expired.  Petitioner's detention continues to be authorized by 8 U.S.C. § 1231(a)(6), however, because no facts alleged in his Petition "provide[] good reason to believe that there is no significant likelihood of removal [to China] in the reasonably foreseeable future," as required by Zadvydas, 533 U.S. at 701,

---

[1] The Supreme Court ruled in Clark v. Martinez, 543 U.S. 371 (2005), that the post-removal-period detention of two inadmissible aliens from Cuba who had not effected "entry" was no longer statutorily authorized by § 1231(a)(6) because removal to Cuba was not reasonably foreseeable.  See id. at 384.

which would require the government to "respond with evidence sufficient to rebut that showing." Id.[2]

Because Petitioner has not made the required showing under Zadvydas, his detention is authorized by § 1231(a)(6) and this Court will dismiss the Petition for failure to assert facts showing that Petitioner is detained contrary to the laws, the Constitution, or treaties of the United States.  However, the dismissal is without prejudice to the filing of a new § 2241 petition (in a new civil action) in the event that Petitioner can show that there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future.  See Akinwale, 287 F.3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation,

---

[2] To state a claim of unauthorized detention, a petitioner must provide "good reason to believe that there is no likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701; see Joseph v. United States, 127 Fed.Appx. 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here"); Soberanes v. Comfort, 388 F.3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) ("to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").

we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future").

### III.  CONCLUSION

The Court will dismiss the Petition without prejudice to the filing of another petition (in a new civil action) in the event that there is no significant likelihood of removal in the reasonably foreseeable future.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    December 23, 2010